UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 1:19-CR-00220-JLT-SKO-1 |
|---|---|
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE UNDER 28 U.S.C. § 3582(c)(1)(A) |
| v. | |
| LUIS JAVIER MERANCIO, | (Docs. 78.) |
| Defendant. | |

Luis Javier Merancio is a federal prisoner moving for compassionate release under 28 U.S.C. § 3582(c)(1)(A). (Doc. 78.) He is currently serving 80 months in prison for theft of a firearm from licensee, in violation of 18 U.S.C. § 922(u). (Docs. 73 at 4, 76.) Merancio argues that COVID-19 "possess a particular danger to prisoners with pre-existing conditions" and that he "remains at risk of contracting the disease again." (Doc. 76 at 1.) The Government opposes Merancio's motion, arguing that he has not exhausted his administrative remedies, nor "met his burden of establishing that he is eligible for, or entitled to, a sentence reduction. (Doc. 88 at 1, 3.) Merancio did not file a reply. For the reasons explained below, the motion is **DENIED**.

## BACKGROUND

Merancio pleaded guilty of one count of theft of a firearm from licensee, in violation of 18 U.S.C. § 922(u). (Doc. 73 at 4.) His base offense level was 20 under USSG § 2K2.1(a)(4)(A) due to a prior felony conviction for corporal injury to a spouse, cohabitant, fiancé, or someone

1  with whom he had a dating relationship. (Doc. 73 at 9.) The offense level was increased by four
2  levels pursuant to USSG §2K2.1(b)(1)(B) because "defendant stole a total of 21 firearms." (*Id.*)
3  Two additional levels were added because Merancio failed to appear to judicial proceedings as
4  part of his pretrial release. (*Id.*) Three levels were then subtracted for acceptance of
5  responsibility and assisting authorities. (*Id.*) Based on the foregoing, Merancio's total offense
6  level was 23. Merancio's criminal history category was VI based on a criminal history score of
7  13. (*Id.* at 17.)
8      Merancio is currently incarcerated at FCI Sheridan and has an expected release date of
9  October 16, 2026. (*Find an inmate*, FEDERAL BUREAU OF PRISONS,
10  https://www.bop.gov/inmateloc/ (last visited March 4, 2024).) On April 18, 2023, Merancio
11  moved for compassionate release, alleging his "medical condition is bad and [] the FCI Sheridan
12  medical department has not treat[ed] any of [his] medical needs, and is not giving [him] the
13  proper medical attention for [his] shortness of breath." (Doc. 78 at 3.)

14  **LEGAL STANDARD**

15      A court generally "may not modify a term of imprisonment once it has been imposed."
16  18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment
17  of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may
18  not be modified by a district court except in limited circumstances."). Those limited
19  circumstances include compassionate release in extraordinary cases. *See United States v.*
20  *Holden*, 452 F. Supp. 3d 964, 968 (D. Or. 2020). Under the First Step Act of 2018 ("the FSA"),
21  imprisoned defendants may bring their own motions for compassionate release in the district
22  court. 18 U.S.C. § 3582(c)(1)(A) (2018). A defendant bears the burden of "establish[ing] his
23  eligibility for compassionate release." *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022).
24      First, a defendant petitioning for compassionate release must exhaust administrative
25  remedies. Once they do so, courts consider whether "extraordinary and compelling reasons
26  warrant" the requested reduction. 18 U.S.C. § 3582(c)(1)(A) (2018). Then, the court must
27  consider the sentencing factors enumerated in 18 U.S.C. § 3553(a). *Id.*
28      Section 3582 further requires a reduction to be "consistent with applicable policy

statements issued by the Sentencing Commission." *Id*. New sentencing guidelines went into effect on November 1, 2023. *See* U.S.S.G. § 1B1.13 (last amended Nov. 1, 2023). This court refers to the Sentencing Commission's policy statement for guidance. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam) (Stating that "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding" regarding the previous policy statement issued in 2006). The amendments contain six types of circumstances that may qualify as "extraordinary and compelling." *Id*. These are 1) the medical circumstances of the defendant, 2) the age of the defendant, 3) the family circumstances of the defendant, 4) whether the defendant was a victim of abuse while in custody, 5) other reasons that are similar in gravity to 1-4, and 6) an unusually long sentence. USSG §1B1.13, p.s. (last amended Nov. 1, 2023).

If a court finds that extraordinary and compelling circumstances exist, it must then look at the § 3553 factors to determine if these support a sentence reduction. *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021).

**ANALYSIS**

**A.     Administrative Exhaustion**

Section 3582(c)(1)(A) of Title 18 of the United States Code permits an inmate to move for compassionate release after either exhausting their administrative remedies or 30 days after they submit their request to the Warden. "[A] district court must enforce the administrative exhaustion requirement articulated in 18 U.S.C. § 3582(c)(1)(A) when the government properly invokes the requirement." *United States v. Keller*, 2 F.4th 1278, 1280 (9th Cir. 2021). Here, the government properly invokes the administrative exhaustion requirement and states that "Merancio has failed to exhaust his administrative remedies and his motion should be denied" because "BOP does not have a record of Merancio submitting any request for compassionate release to the warden." (Doc. 88 at 6-7.)

In his motion, Merancio states that "he submitted a Cop-Out to the FCI Sheridan Warden under the First Step Act [] with no response." (Doc. 78 at 1.) However, Merancio does not provide proof that he filed any such requests with the warden, nor did he reply to the

government's opposition to provide additional pertinent information.

The Court has reviewed the government's exhibit titled "administrative remedy generalized retrieval" which states that "no remedy data exists for his inmate," (Doc. 88-1 at 7-8), and finds that Meracio has not exhausted his administrative remedies. The Court therefore **DENIES** Meracio's motion as premature.

**B.     Extraordinary and Compelling Reasons and Consistency with the § 3553(a) Factors**

Because the Court concludes that Meracio's request is premature, the Court need not reach either extraordinary and compelling reasons meriting release or the § 3553(a) sentencing factors. *See Keller*, 2 F.4th at 1284 ("[A]lthough a district court must perform this sequential inquiry before it grants compassionate release, a district court that properly denies compassionate release need not evaluate each step").

**CONCLUSION**

For the reasons discussed above, Merancio's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), (Doc. 78), is **DENIED**.

IT IS SO ORDERED.

Dated:     **March 4, 2024**

UNITED STATES DISTRICT JUDGE